UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-357-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| ISIAH JAMEL BARBER | |

This matter is before the court on the government's motion to correct the record on appeal to add the supervised release violation worksheet. (DE # 292 & Ex. A.) Defendant filed a response in opposition. (DE # 294.)

In 2012, after defendant pled guilty to conspiracy to commit Hobbs Act robbery and aiding and abetting the possession of a firearm in furtherance of a crime of violence, the court sentenced him to a total term of 156 months imprisonment and a total term of five years supervised release. In 2019, on defendant's unopposed motion under 28 U.S.C. § 2255, the court vacated his firearm conviction and resentenced him to 100 months imprisonment and three years supervised release on the conspiracy conviction. (See 9/10/19 Order, DE # 213; Am. J., DE # 247.) That same year, defendant was released from imprisonment and began serving his term of supervised release.

In March 2021, the United States Probation Office ("USPO") filed a motion seeking the revocation of defendant's supervised release for engaging in criminal conduct and using a controlled substance. (DE # 276.) Prior to the revocation hearing, and consistent with this district's practice, the USPO prepared and submitted to the court the supervised release violation worksheet. It identifies the applicable grades of the alleged violations, the most serious grade of

violation, and the sentencing range, among other things, all based on the policy statements concerning supervised release violations contained in Chapter 7 of the Sentencing Guidelines.[1] (See Mot., Ex. A, DE # 292-1.) As is typical, the worksheet was not filed on the record.

At the revocation hearing, and after considering the evidence and the arguments of counsel, the court found defendant had committed both violations. (Tr., DE # 290, at 36-37.) The court then heard from counsel regarding the appropriate disposition. Defense counsel recognized the severity of the grade of the supervised release violation and requested a sanction less than imprisonment—defendant remaining on supervision and being ordered to participate in inpatient substance abuse treatment. (See id. at 37-38.) The prosecutor requested a sentence at the top of the sentencing range, 24 months. (Id. at 40-41.)

Next, the court recounted defendant's history of violating the terms of his supervised release. (Id. at 41-42.) Then, just before revoking defendant's supervised release and announcing defendant's sentence, the court stated, it "ha[d] considered the policy statements on revocation contained in Chapter 7 of the sentencing guidelines . . . ." (Id. at 43.) This statement was in reference to the contents of the supervised release violation worksheet. And, the court had in fact reviewed and considered the worksheet—again, the contents of which were based on the policy statements in Chapter 7—prior to announcing defendant's sentence of 24 months imprisonment.

> Federal Rule of Appellate Procedure 10(e)
>
> allow[s] supplementation of the record (1) if any difference arises as to what actually occurred before it, or (2) if anything material to either party is omitted from the record by error or accident. . . . [T]he purpose of Rule 10(e) is not to allow a

---

[1] It is also the USPO's practice in this district to distribute the worksheet to the counsel of record in the case. Here, defense counsel cannot locate a copy of the worksheet nor does she recall receiving it. (Resp., DE # 294, at 2.)

2

Case 5:11-cr-00357-BR   Document 295   Filed 12/07/21   Page 2 of 3

district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.

Thomas v. Lodge No. 2461 of Dist. Lodge 74 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) (internal quotation marks and citations omitted).

Because the court reviewed and considered the supervised release violation worksheet in determining the appropriate sentence on revocation and the worksheet's pertinent contents were mentioned during the revocation hearing, the government's motion is ALLOWED. Cf. United States v. Stallins, 521 F. Appx. 104, 106 & n.* (4th Cir. 2013) (denying "the Government's motion to file a supplemental joint appendix containing a supervised release violation worksheet purportedly given to the district judge at sentencing but not filed with the clerk of court" where the district court did not calculate or recite the policy statement range for revocation sentences and nothing in the hearing transcript implied that the court considered that policy statement range). The Clerk is DIRECTED to transmit a copy of this order to the Fourth Circuit Court of Appeals and to file the supervised release violation worksheet (attached to the government's motion as Exhibit A) on the record.

This 7 December 2021.

_____
W. Earl Britt
Senior U.S. District Judge